UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


KEITH ALLEN KUZYK            ]
    Plaintiff,               ]
                             ]
v.                           ]        No. 3:12-0097
                             ]        Judge Sharp
GEOFFREY BLANCHARD, et al.    ]
    Defendants.              ]


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Geoffrey Blanchard, a Montgomery County Sheriff's Deputy, and the Montgomery County Sheriff's Department, seeking damages.

On September 1, 2011, Deputy Blanchard responded to a call reporting a shoplifter. When the deputy pulled in behind the plaintiff's vehicle, he started to exit his cruiser. The plaintiff sped off and Deputy Blanchard gave chase.

The plaintiff was traveling at speeds exceeding ninety (90) miles an hour through populated areas. While the plaintiff was speeding down the wrong side of the road, he was unable to negotiate a sharp curve and he wrecked his automobile. During the course of the accident, the plaintiff was ejected from his vehicle. He suffered a broken neck, broken back, some broken ribs and

"busted" teeth.

The plaintiff states that it is standard procedure for members of the Montgomery County Sheriff's Department to discontinue high-speed chases. Because Deputy Blanchard did not discontinue the chase, the plaintiff believes that he is liable for plaintiff's injuries.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

A police officer is not constitutionally required to discontinue a high-speed chase simply because a fleeing suspect might be injured. Scott v. Harris, 550 U.S. 372,385 (2007)(Fourth Amendment); County of Sacramento v. Lewis, 523 U.S. 833,854 (1998)(Fourteenth Amendment). Thus, at best, the plaintiff is alleging that the defendants' negligence led to his injuries. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078,1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662,666 (1986)(Fourteenth Amendment). Therefore, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Consequently, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


_____
Kevin H. Sharp
United States District Judge